UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERREL and LAURIE TUCKER, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 1:20-cv-00832-AWI-BAM<br><br>**ORDER REGARDING STIPULATION AMENDING SCHEDULING ORDER TO EXTEND DISCOVERY, EXPERT DISCLOUSRE AND DISPOSITIVE MOTION FILING DEADLINES**<br><br>(Doc. No. 17) |

On August 18, 2021, the parties filed a stipulation to further amend the Scheduling Order in this action to allow the parties to participate in private mediation prior to completion of non-expert depositions and retention of experts. (Doc. 17.) The parties report that they have diligently conducted written discovery and are in the process of conducting depositions of parties and third-party witnesses but desire to stay depositions and first participate in private mediation. According to the parties, they have scheduled a mediation with Lance LaBelle with ADR Services on October 20, 2021. The parties seek to extend the deadlines for non-expert discovery, expert disclosures, expert discovery and dispositive motions. Although the parties do not seek to continue the Pretrial Conference and Trial dates, they do not object if the Court need to continue either or both of those dates to accommodate the parties' request to continue discovery deadlines. (*Id.*)

A scheduling order may be modified only for good cause.  Fed. R. Civ. P. 16(b). Generally, settlement discussions do not constitute good cause justifying modification of the pretrial Scheduling Order.  *See*, *e.g.*, *Gerawan Farming, Inc. v. Rehrig Pacific Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 1164941, at *4 (E.D. Cal. Mar. 20, 2013) (finding settlement discussions do not, in of themselves, arise to good cause for modifying a scheduling order). Nevertheless, in the interests of justice and conservation of judicial resources, the parties' stipulation to continue the deadlines for non-expert discovery, expert disclosures, expert discovery and dispositive motions is GRANTED.  Accordingly, the Scheduling Order is MODIFIED as follows:

1. The Non-Expert Discovery Deadline is extended from September 30, 2021 to **January 31, 2022**;
2. The Expert Disclosure Date is extended from October 22, 2021 to **February 7, 2022**, with supplemental expert disclosures due **February 28, 2022;**
3. The Expert Discovery Deadline is extended from December 20, 2021 to **April 15, 2022**; and
4. The Dispositive Motion Filing Deadline is extended from January 11, 2022 to **April 29, 2022**.

The Pretrial Conference on June 16, 2022, and Trial on August 23, 2022, remain as scheduled.  The parties are cautioned that further modifications of the Scheduling Order will not be granted absent a demonstrated showing of good cause.

IT IS SO ORDERED.

   Dated:   **August 19, 2021**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE